UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

MARK SANITA, on behalf of himself and all others
similarly situated,

    Plaintiff,

v.

MCS LEASING INC, d/b/a FAMILY RENTALS, a Florida
Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARK SANITA ("SANITA" or "Plaintiff"), by and through his undersigned counsel, files this Complaint against Defendant, MCS LEASING INC, d/b/a FAMILY RENTALS, a Florida Profit Corporation ("MCS"), and states as follows:

## INTRODUCTION

1. Plaintiff worked, and continued to work, as an hourly paid Laborer/Delivery Driver for Defendant, in the State of Florida, handling and locally delivering numerous different rental products to Defendant's local customers.

2. Plaintiff brings this lawsuit on behalf of himself and all other similarly-situated employees of Defendant, who performed similar duties to, and who were paid in the same illegal manner as Plaintiff.

3. Defendant has a policy and practice of failing to pay hourly paid Laborers/Delivery Drivers like Plaintiff full and proper overtime compensation for all overtime hours worked.

4. This lawsuit is brought as a collective action under the FLSA to recover unpaid overtime compensation owed to Plaintiff and other similarly-situated employees.

5. Plaintiff will seek conditional certification and notice to an opt-in class of hourly paid Laborers/Delivery Drivers pursuant to the FLSA, 29 U.S.C. § 216(b), who were employed by Defendant during the applicable three-year period preceding the filing of this action (hereinafter, "Relevant Liability Period").

## JURISDICTION AND VENUE

6. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201 hereinafter called the "FLSA") to: recover overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and other relief permitted by the FLSA, and reasonable attorney's fees and costs.

7. Venue in the Southern District of Florida is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant provides services in this District and is thus considered a resident of this District. Further, a significant portion of the events giving rise to the claim alleged herein occurred within this District.

8. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

9. At all times material hereto, Plaintiff was and continues to be a resident of Palm Beach County, Florida.

10. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

11. During the Relevant Liability Period, Defendant failed to pay Plaintiff for all hours

2

worked and denied Plaintiff overtime compensation for hours worked in excess of forty per week.

12. Plaintiff filed his Consent to Become Party Plaintiff in this action. *See* attached Consent to Become a Party Plaintiff.

13. At all times material hereto, MCS was and continues to be a Florida Profit Corporation. Further, at all times material hereto, MCS was and continues to be engaged in business in Florida, with its principal place of business in Palm Beach County, Florida.

14. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, but not within the meaning of the Motor Carrier Act.

15. At all times material hereto, Defendant was an "employer" within the meaning of FLSA.

16. At all times material hereto, MCS was and continues to be "an enterprise engaged in commerce," within the meaning of FLSA.

17. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

18. During the Relevant Liability Period, Defendant has employed two or more persons, including Plaintiff, and has "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in § 203(s)(1)(A)(i).

## STATEMENT OF FACTS

19. Defendant holds itself out to the public as follows: "Our rental items include cribs and baby needs, beds and furniture. We offer a full selection of party items like tables, chairs, linens, and glassware, and no minimums. Our on-staff event planners can coordinate any size event no matter how large or small. Family Rentals also provides round-the-clock rentals, sales and service

3

of medical and mobility equipment such as wheelchairs, electric scooters, hospital beds and much more. We are fully insured and accredited by the State of Florida and are licensed providers of Pride Mobility Products and Tuffcare Medical Equipment. Our rental delivery service is available 24 hours a day, 7 days a week, and 365 days a year."

20. Defendant employs individuals, like Plaintiff, to serve as hourly paid Laborers/Delivery Drivers throughout the tri-county area in South Florida, including Broward, Miami-Dade, and Palm Beach Counties.

21. Defendant's hourly paid Laborers/Delivery Driver's are the backbone of the company, bringing and maintaining Defendant's local services to the public.

22. Defendant has employed Plaintiff and similarly situated employees as hourly paid Laborers/Delivery Drivers, or in equivalent positions with similar job duties, however titled, throughout South Florida.

23. Plaintiff, and those similarly situated, are not exempt from the overtime provisions of the FLSA and are paid on an hourly basis.

24. Plaintiff began working for Defendant as a non-exempt Laborer/Delivery Driver, from October 2011, and is presently still employed in the same capacity.

25. During his tenure, Plaintiff was supposed to be paid $12.00 per hour for hours worked below forty (40) per week, and time and one-half for all hours worked over forty (40) per week.

26. At various material times hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week, and oftentimes up to sixty (60) hours per week, and was paid **straight time**, for all hours worked over forty (40).

27. While Plaintiff does not have all of his pay and time records since March 2015, through

4

October 11, 2017, the timeframe for which Defendant failed to compensate Plaintiff proper overtime wages, Plaintiff estimates his overtime damages to be, based on the above estimations as follows: $6.00 owed in half time per hour X 20 OT hours per week = $120.00 owed per week X 135 weeks = **$16,200.00 unliquidated**, and **$32,400.00 liquidated**, plus attorneys' fees and costs.

28. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA.

29. From the commencement of Plaintiff's employment, until October 11, 2017, Defendant failed to pay Plaintiff and the putative class, proper overtime compensation, at the federally mandated rate of time and one-half their hourly rate of pay.

30. In sum, Plaintiff and the putative class routinely worked over forty hours in a work week, but were not paid full and proper overtime wages for all of that work, as required by the FLSA.

31. Defendant has known that Plaintiff and all similarly situated employees, perform work without proper compensation and Defendant chose to deny them overtime compensation, for performing this work, in willful disregard of their rights under the FLSA.

32. Prior to the filing of this lawsuit, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt under the overtime provisions of the FLSA.

33. Prior to the filing of this lawsuit, Defendant did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt under the overtime provisions of the FLSA.

34. Prior to the filing of this lawsuit, Defendant did not consult with an accountant to

5

evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt under the overtime provisions of the FLSA.

35. Based on the allegations in Paragraphs 32-34, above, Plaintiff is entitled to liquidated damages as Defendant had no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

36. Plaintiff has retained the law firm of CELLER LEGAL, P.A. to represent him and the putative class, in the litigation, and has agreed to pay the firm a reasonable fee for its services.

## COLLECTIVE ACTION ALLEGATIONS

37. Plaintiff re-alleges and incorporates by reference the preceding paragraphs 1 through 36.

38. Plaintiff brings Count I as an opt-in collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following:

> All persons employed as local hourly paid Laborers/Delivery Drivers for Defendant for the past three years (plus any applicable tolling) from the date of this Complaint to the present.

39. The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

40. Plaintiff, individually and on behalf of other similarly-situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Defendant's policies and practices of failing to pay full and proper overtime compensation.

41. The number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiffs, may be determined from the records of Defendant, and potential class members may easily and quickly be notified of the pendency of this action.

## COUNT I

### FAILURE TO PAY OVERTIME COMPENSATION TO HOURLY PAID LABORERS IN VIOLATION OF THE FLSA DURING THE FLSA RELEVANT LIABILITY PERIOD

42. Plaintiff re-alleges and incorporates by reference the preceding paragraphs 1 through 36 with respect to all hourly paid laborers.

43. During the FLSA Relevant Liability Period, Defendant failed to accurately record all hours worked by all hourly paid laborers, and did not fully compensate hourly paid laborers for all their hours worked for Defendant in excess of forty (40) per week as required by Section 207 of the FLSA.

44. Hourly paid Laborers/Delivery Drivers were victims of an illegal policy and plan by Defendant to deny
them overtime compensation required by the FLSA.

45. Defendant's failure to pay hourly paid Laborers/Delivery Drivers in accordance with the requirements of Section 207 of the FLSA was in willful disregard of the overtime wage compensation requirements of the FLSA.

46. Plaintiff, on behalf of himself and other hourly paid Laborers/Delivery Drivers, seeks unpaid overtime compensation in an amount to be determined, as well as an equal amount of liquidated damages (or pre-judgment interest in the event liquidated damages are denied), post-judgment interest, and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually and on behalf of all hourly paid Laborers/Delivery Drivers, demands judgment against Defendant and prays this Court:

   a. Issue notice to all hourly paid Laborers/Delivery Drivers who were employed by

Defendant at any time during the Relevant Liability Period, informing them of their right to file consents to join this action;

b. Declare Defendant's policy of failing to keep accurate time records and not paying hourly paid Laborers/Delivery Drivers overtime illegal under the FLSA;

c. Find that Defendant's violation of the FLSA was willful and impose a three- year statute of limitations period for FLSA claims;

d. Award Plaintiff and all other hourly paid Laborers/Delivery Drivers unpaid overtime compensation;

e. Award hourly paid Laborers/Delivery Drivers an amount equal to unpaid overtime compensation as liquidated damages under 29 U.S.C. § 216(b);

f. Award hourly paid Laborers/Delivery Drivers pre-judgment interest if liquidated damages are not awarded;

g. Award hourly paid Laborers/Delivery Drivers post-judgment interest as provided by law;

h. Award hourly paid Laborers/Delivery Drivers reasonable attorneys' fees and costs as mandated by Section 216(b) of the FLSA; and

i. Award hourly paid Laborers/Delivery Drivers such other relief as the Court deems fair and equitable.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: March 9, 2018.

Respectfully submitted,

By: */s/ NOAH E. STORCH*
Noah E. Storch, Esq.
Florida Bar No. 0085476
Richard Celler, Esq.
Florida Bar No. 0173370
Richard Celler Legal, P.A
7450 Griffin Road, Suite 230
Davie, FL 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
Email: noah@floridaovertimelawyer.com
Email: richard@floridaovertimelawyer.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

MARK SANITA, on behalf of
himself and others similarly situated,

    Plaintiff,

v.

    CASE NO.:

MCS LEASING INC, d/b/a FAMILY RENTALS,
a Florida Profit Corporation,

    Defendant.
_____/

## CONSENT TO BECOME PARTY PLAINTIFF

I, MARK SANITA, consent to become the party plaintiff in the above-styled Lawsuit.

Date: March 5, 2018

Signature: *Mark Sanita*

Print: Mark Sanita