UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-80288-Civ-Brannon

MARK SANITA and
ARI KESTLER,

    Plaintiffs,

vs.

MCS LEASING, INC.,
d/b/a FAMILY RENTALS,

    Defendant.

_____/

## ORDER APPROVING FLSA SETTLEMENT
## AND DISMISSING CASE WITH PREJUDICE

THIS CAUSE is before the Court upon notice by the parties of having reached a settlement in this matter involving FLSA claims. At the parties' joint request, a FLSA Fairness Hearing was held on June 22, 2018. As discussed more fully at the hearing, the Court has thoroughly reviewed the terms of the parties' final memorialized settlement and is otherwise fully advised.

At all relevant times, Plaintiffs were laborers/delivery drivers for Defendant tasked with delivering rental furniture and other items to Defendant's customers. On March 7, 2018, Plaintiff Mark Sanita initiated this lawsuit alleging that Defendant failed to pay him overtime wages as required under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 [DE 1]. On April 17, 2018, Plaintiff Ari Kestler opted in to this lawsuit claiming to be a similarly situated employee subject to the same alleged pay practices at issue [DE 16].

After all parties consented to U.S. Magistrate Judge jurisdiction [DE 10, DE 24] and on the day before Defendant's answer was due, the parties filed a Notice of Settlement [DE 26]. The parties thereafter memorialized the terms of their settlement in three final written agreements, each of which has been submitted to the Court for review.

When a private action brought under the FLSA is settled, the Court "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982). In scrutinizing the settlement, the Court must find that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. While FLSA provisions are mandatory, the Eleventh Circuit recognizes that there may be bona fide disputes as to FLSA coverage and thus, the Court may approve a settlement to "promote the policy of encouraging settlement of litigation." *Id.* at 1354. Where, as here, a settlement agreement was entered into in an adversarial context with both sides represented by counsel throughout the litigation, the settlement agreement is "more likely to reflect a reasonable compromise" over disputed issues. *Id.*

The Court has independently reviewed the record and the represented parties' fully-executed settlement and non-solicitation agreements. Based upon this review, the Court finds that the parties' overall settlement represents a fair, reasonable, good faith, and arms-length resolution of the parties' bona fide disputes in this hotly contested FLSA suit. Among other things, the agreements include detailed breakdowns of the amounts and timing of payments to be made to each Plaintiff and their counsel, mutual general releases, consideration for other potential claims, confidentiality provisions, mutual non-disparagement provisions, and neutral reference provisions. As expressly recognized by the parties, their settlement represents a reasonable compromise that avoids the costs and burdens of further litigation.

3

Based on the foregoing, the Court **ORDERS AND ADJUDGES** that the parties' overall settlement is **APPROVED**.  The Court retains jurisdiction to enforce the terms of the settlement agreements, if necessary.  This case is **DISMISSED WITH PREJUDICE**.  The Clerk of Court shall **CLOSE THIS CASE**.

DONE AND ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 22nd day of June, 2018.

*[signature]*
DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE